UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BRUCCHERI, MARIO CONTRERAS, and JERRY MCNEELY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ARAMARK UNIFORM SERVICES, LLC; and Does 1-100 inclusive.<br><br>Defendants. | No. 2:18-cv-00119-KJM-KJN<br><br>ORDER |

Vincent Bruccheri, Mario Contreras and Jerry McNeely ("plaintiffs") bring this putative class action against Aramark Uniform Services ("defendant"), a food, facilities and uniform services company, asserting several claims under California wage laws and related state statutes. Defendant removed the case to this court, Notice of Removal ("NOR") ¶ 1, ECF No. 1, and plaintiffs move to remand to state court, Mot., ECF No. 6. Defendant opposes the motion, and plaintiff has replied. Opp'n, ECF No. 13; Reply, ECF No. 15. As explained below, the court GRANTS plaintiffs' motion to remand.

/////

/////

/////

1

## I. BACKGROUND

Plaintiffs filed this putative class action in Sacramento County Superior Court on December 27, 2017, making the following claims under California Labor Code § 2698: (1) failure to pay straight, regular rate wages for all work performed; (2) failure to pay all overtime wages; (3) failure to keep time records; (4) failure to provide meal periods; (5) failure to provide rest periods; (6) failure to provide recovery periods; (7) failure to timely pay wages upon termination; (8) knowing and intentional failure to comply with itemized employee wage statements; and (9) failure to reimburse expenses in discharging duties. NOR Ex. 1, Compl. ¶¶ 1–2, ECF No. 1-1.

Defendant removed the case to federal court, asserting federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367(a). NOR ¶¶ 6–7. Specifically, as the basis for federal jurisdiction, defendant argues plaintiffs' state law claims are completely preempted by § 301 of the Labor Management Relations Act ("LMRA"). NOR ¶ 8. Plaintiffs' motion to remand argues that because their claims arise from state law and do not require interpretation of any collective bargaining agreement ("CBA") terms, § 301 preemption does not apply. Mot. at 2. The court submitted the matter without oral argument and resolves it here.

## II. LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have federal question jurisdiction under 28 U.S.C. § 1331 over "all civil actions arising under the Constitution, laws, or treaties of the United States." Section 301 of the LMRA provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Section 301 encapsulates "a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985) (footnote omitted). "This federal common law, in turn, preempts the use of state contract law in CBA interpretation and enforcement." *Matson v. United Parcel Serv., Inc.*, 840 F.3d 1126, 1132 (9th Cir. 2016) (internal citation and quotation marks omitted). Consequently, "[a]n action arising under § 301 is

controlled by federal substantive law even though it is brought in a state court" and may be properly removed to federal court under federal question jurisdiction. *Avco Corp. v. Aero Lodge No. 375, Int'l Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557, 560 (1968). Because Section 301's preemptive force extends to "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement," *Lueck*, 471 U.S. at 210–11, § 301 preempts a state law claim so "inextricably intertwined" with the terms of a labor contract that resolution of the claim will require judicial interpretation of those terms. *Id.* at 213.

Nevertheless, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301." *Id.* at 211. If a state law provides rights that cannot be waived or modified by private contract, and if the rights can be enforced without resort to the express or implied terms of the contract, § 301 preemption does not apply to claims brought under that state law. *See id.* at 212 ("In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.") (footnote omitted); *Miller v. AT & T Network Sys.*, 850 F.2d 543, 545–46 (9th Cir. 1988).

Furthermore, a defendant cannot invoke § 301 preemption merely by alleging a "hypothetical connection between the claim and the terms of the CBA" or a "creative linkage between the subject matter of the claim and the wording of a CBA provision." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691–92 (9th Cir. 2001) (en banc). "'[L]ook[ing] to' the CBA merely to discern that none of its terms is reasonably in dispute does not require preemption." *Id.* (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994)). "A state law claim is not preempted under § 301 unless it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Id.* at 693.

The Ninth Circuit has articulated a two-pronged test for determining whether § 301 preemption applies. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059–60 (9th Cir. 2007). First, a court must determine "whether the asserted cause of action involves a right

conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted and our analysis ends there." *Id.* at 1059. If the court determines, however, that the right underlying the state law claim(s) "exists independently of the CBA" the court must proceed to the second prong and consider whether the right is nevertheless "substantially dependent on analysis of a collective bargaining agreement." *Id.* (internal quotation marks omitted). "If such dependence exists, then the claim is preempted by § 301; if not, then the claim can proceed under state law." *Id.* at 1059–60.

III. PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

Plaintiffs request that the court take judicial notice of a remand order issued in the Northern District of California. Pls.' Req. for Judicial Notice, ECF No. 6-1, Ex. A (*Moore v. Aramark Unif. Servs., LLC*, No. 17-CV-06288-JST, 2018 WL 701258 (N.D. Cal. Feb. 5, 2018)). The court GRANTS this unopposed request. *See* Fed. R. Evid. 201 (permitting courts to take judicial notice of "[o]fficial acts of legislative, executive, and judicial departments of the United States" and of "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably undisputable accuracy"); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

IV. DISCUSSION

The court applies the two-prong *Burnside* test to each of plaintiffs' claims and concludes LMRA preemption is inapplicable here. Therefore, this case must be remanded.

A. Failure to Pay Wages for All Time Worked

Defendant allegedly failed to pay plaintiffs wages for all time worked. Compl. ¶¶ 43–47. Specifically, plaintiffs assert defendant "ha[s] a continuous and consistent policy of forcing Plaintiffs . . . to clock out for a thirty (30) minute meal period, even though Plaintiffs . . . work through their meal periods." *Id.* ¶ 44. This claim is analogous to "'[t]ime-shaving' . . . the practice of doctoring hourly employees' time sheets to reduce their pay." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 616 (N.D. Cal. 2007).

4

Under California Labor Code §§ 204(a)[1] and 1194(a),[2] employees who do not receive their full wages owed may bring an action to recover the unpaid balance. *Stone v. Sysco Corp.*, No. 16-CV-01145-DAD-JLT, 2016 WL 6582598, at *9 (E.D. Cal. Nov. 7, 2016). Defendant argues that because "any obligation to pay some wages other than minimum wage or overtime arises as a matter of contract between an employee and his or her employer," plaintiffs' claim cannot survive the first *Burnside* prong and is preempted by § 301. Opp'n at 11. Plaintiffs respond that the claim arises from an independent right under California law to be paid for all hours worked. Reply at 2–4. The court agrees with plaintiffs, as explained below.

To determine whether a particular right exists independently of the CBA under the first prong of the *Burnside* test, a court must evaluate whether the "legal character of the claim" is "independent of rights under the collective bargaining agreement." *Livadas*, 512 U.S. at 123 (internal quotation marks omitted). Section 301 preempts the claim only if it is "founded directly on rights created by collective-bargaining agreements." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987). Here, plaintiffs do not allege defendant breached their CBAs, but instead allege they "have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses." Compl. ¶ 48. Plaintiffs' claim therefore arises under an "independent state law right to be paid for all hours worked [and] does not require any interpretation of the CBA . . . . Plaintiffs' unpaid wage claims are not based on a dispute over how to calculate their pay rate under the CBA, but on [d]efendant's alleged failure to pay them any regular or overtime pay *at all* for certain time worked." *See Bryant v. Catholic Healthcare W.*, No. CV 11-07490 DDP (JCGx), 2012 WL 3425649, at *3 (C.D. Cal. Aug. 13, 2012) (emphasis in original) (citing *Gregory v. SCIE, LLC*, 317 F.3d 1050, 1053 n.3 (9th Cir. 2003)). Because plaintiffs' claim for

---

[1] Section 204(a) provides that "[a]ll wages . . . earned by any person in any employment are due and payable."

[2] Section 1194(a) provides that an "employee receiving less than the legal minimum wage . . . applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage."

failure to pay for all time worked exists independently from the CBAs, it is not subject to § 301 preemption under *Burnside*'s first prong. *See Burnside*, 491 F.3d at 1059.

Defendant next argues that plaintiffs' claim for straight time wages is preempted under the second prong of *Burnside*. Opp'n at 12. Specifically, defendant contends that determining plaintiffs' unpaid wages "will necessarily and substantially depend upon an analysis of the numerous different collective bargaining agreements that applied to different groups of putative class members throughout California." Opp'n at 12. Defendant also argues the court will need to interpret the CBAs' "complicated formula[s] regarding how to calculate hourly rates of pay and certain weekly minimum pay, depending on whether commission are earned based on sales targets." Opp'n at 12.

Under the second prong of the *Burnside* test, the court must evaluate "whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA . . . . . If the latter, the claim is preempted; if the former, it is not." *Burnside*, 491 F.3d at 1060 (internal citations omitted). Although this "'look to'/'interpret' distinction" does not lend itself to clear demarcation, *see id.*, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas*, 512 U.S. at 124 (citation omitted). For example, "[a] collective-bargaining agreement may . . . contain information such as rate of pay . . . that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled," but that would not result in preemption of the claim. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 n.12 (1988).

As in the case covered by plaintiffs' request for judicial notice, defendant's argument "conflates the need to analyze the agreements' provisions with the need to simply apply those provisions." *See Moore*, 2018 WL 701258, at *4. The "need to consult the CBAs to determine the wage rate to be used in calculating liability cannot, alone, trigger section 301 preemption," and defendant has not shown more than consultation is required here. *See Burnside*, 491 F.3d at 1074. To the contrary, plaintiffs "do not dispute the hourly rate they are entitled to or how it is calculated," Reply at 6, permitting the court simply to apply the compensation formulas

6

contained in the CBAs to determine the liability amount.  Accordingly, plaintiffs' claim for failure to pay for all time worked is not preempted by § 301.

      B.      <u>Failure to Pay Overtime Wages</u>

Defendant next contends that plaintiffs' second cause of action alleging defendant failed to pay overtime wages in violation of California Labor Code § 510, Compl. ¶¶ 57–59, is "substantially dependent upon an interpretation and analysis of the CBAs" and is therefore preempted.  Opp'n at 5.  Under California Labor Code § 514, an employee is not entitled to § 510's overtime compensation protections where that "employee [is] covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and . . . provides premium wage rates for all overtime hours worked."  Cal. Lab. Code § 514.  For the exemption to apply, the CBA must also provide "a regular hourly rate of pay for those employees of not less than [thirty] percent more than the state minimum wage."  *Id.*

Here, defendant argues that determining whether the CBAs provide for a premium wage rate that satisfies § 514's collective bargaining exemption will necessarily require analysis and interpretation of the CBAs' compensation formulas, triggering § 301 preemption.  Opp'n at 6–7.  Plaintiffs argue the § 514 analysis requires only reference to the CBAs, not interpretation of their terms.  Mot. at 12–13.  Here as well, plaintiffs again have the better argument.

"[T]he difference between whether or not § 301 will preempt a CLC § 510 claim" under the second prong of the *Burnside* test "depends upon whether the terms of the CBA are clear or in dispute."  *Densmore v. Mission Linen Supply*, 164 F. Supp. 3d 1180, 1191 (E.D. Cal. 2016); *see, e.g.*, *Raphael v. Tesoro Ref. & Mktg. Co., LLC*, No. 215-cv-02862-ODW (Ex), 2015 WL 3970293, at *6–7 (C.D. Cal. June 30, 2015) (finding that by "affirmatively present[ing] the Court with a plethora of provisions in need of interpretation throughout the eight separate CBAs covering [plaintiff] and the aggrieved employees he [sought] to represent," the defendant demonstrated that "[a]dditional interpretation" was necessary to determine whether the § 514 exemption would apply, and that § 301 therefore preempted the plaintiff's overtime claim); *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1098–1100 (N.D. Cal. 2014) (holding § 301 preempted a

§ 510 overtime claim that required interpretation of CBA provisions governing when and for how long an employee could take meal and rest periods, and whether those breaks factored into an employee's compensation).

When no dispute or complexity exists with respect to the terms of the CBA, a majority of courts find interpretation of the CBA is unnecessary to address the § 514 exemption and, accordingly, § 301 preemption does not apply. *See, e.g.*, *Gregory*, 317 F.3d at 1053 (holding § 301 did not preempt plaintiff's overtime claim: "[w]hile overtime is calculated in accordance with the terms of the CBA, this case involves no issue concerning the *method* of calculation. . . . but [concerns only] whether the *result* of the calculation complies with California law, i.e., whether [plaintiff] is paid at premium wage rates" for overtime work as required by § 510) (emphasis in original); *Densmore*, 164 F. Supp. 3d at 1191–92 (finding plaintiff's § 510 claim did not "substantially depend" upon analysis of the CBAs when defendant did not identify any dispute as to their terms and the relevant overtime provisions were "clear and [did] not require interpretation"); *Vasserman v. Henry Mayo Newhall Mem. Hosp.*, 65 F. Supp. 3d 932, 956–59 (C.D. Cal. 2014) (finding interpretation of CBAs not necessary when "overtime provisions of the CBAs [were] straightforward and clear" and plaintiff did not "dispute the applicable wage rates provided that are provided in the CBA" but instead argued "she was not paid overtime as required by California law").

Here, the CBA provisions relevant to plaintiffs' claim are clear and do not require interpretation. Articles 4.01, 4.02, 4.06 and 16.03.E of the CBAs, which govern overtime compensation, provide for a forty-hour workweek and state that "[a]ny work performed in excess of forty (40) hours per week, shall be paid for at one and one-half (1½) times the hourly rate" for employees and "the greater of either (1) the Guaranteed Weekly Salary plus one and one-half (1.5) times the equivalent hourly rate . . . or (2) the Weekly Base amount plus commissions" for Commission Route Sales Representatives. NOR Ex. A at 6, 24, ECF No. 1-4; NOR Ex. B at 6, 25, ECF No. 1-5. Plaintiffs do not dispute the CBAs' applicable wage rates. *See* Compl. ¶ 59; Mot. at 13. Although resolving plaintiffs' overtime claim will require calculations under the CBAs' compensation formulas, defendant has not shown these calculations will require

8

interpretation of the CBAs, rather than mere reference to and mechanical application of their undisputed terms. *See Livadas*, 512 U.S. at 124. Thus, the court will need only assess, based on the undisputed terms, "whether when overtime is paid under the CBA it is paid for *all overtime hours worked*, as required by California law." *Gregory*, 317 F.3d at 1053 (emphasis in original).

Finally, defendant's reliance on *Firestone v. Southern California Gas Co.*, 219 F.3d 1063 (9th Cir. 2000), is misplaced. Opp'n at 7. There, the parties disagreed on "whether the compensation received by employees under a complex formula of the CBA constituted the premium wage rates required by California law." *Gregory*, 317 F.3d at 1053 n.3 (citing *Firestone*, 219 F.3d at 1066–67). To resolve that dispute, the court had to interpret the terms of the CBA. *Id.* Here, as noted, the parties do not dispute how premium wage rates are calculated under the CBA, distinguishing this case from *Firestone*. *See id.*

Because defendant has not identified any disputed or complex CBA overtime provisions that will require the court's interpretation, plaintiffs' § 510 overtime claim is not preempted by LMRA § 301.

### C. Failure to Provide Meal, Rest and Recovery Periods

Plaintiffs' fourth, fifth, and sixth causes of action allege that defendant failed to provide meal, rest and recovery periods in accordance with California Labor Code §§ 226.7[3] and 512,[4] including the failure to provide meal breaks prior to the fifth hour of work, rest periods for

---

[3] Section 226.7 of the California Labor Code prohibits employers from requiring an employee to work during a meal, rest or recovery period mandated pursuant to any applicable law. It defines "recovery period" as "a cooldown period afforded an employee to prevent heat illness." § 226.7(a). Under § 226.7(c), if an employer does not provide an employee with a meal, rest, or recovery period in accordance with state law, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal, rest or recovery period is not provided.

[4] Section 512 provides, in relevant part, that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes," and "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

9

every four hours of work, and preventative cool-down recovery periods in hot temperatures. Compl. ¶¶ 80–82, 98–102, 111–12. Relatedly, plaintiffs allege defendant failed to pay compensation for meal, rest and recovery periods that were not provided, as required by § 226.7. *Id.*

Defendant argues the CBAs fall under the collective bargaining exemption to the meal periods requirement under §§ 512(e), (f), and (g)(1), and plaintiffs' meal period cause of action is therefore based on the CBAs and preempted by LMRA § 301 under the first prong of the *Burnside* test. Opp'n at 8. The court disagrees. "Meal periods are a non-negotiable right under state law," and "California state law claims alleging meal period violations are not preempted even where the CBA includes language entitling employees to such breaks." *Vasserman*, 65 F. Supp. 3d at 960 (citing *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1082 (9th Cir. 2005) and *Roth v. CHA Hollywood Med. Ctr., L.P.*, No. 2:12-cv-07559-ODW (SHx), 2013 WL 5775126, at *3 (C.D. Cal. Oct. 25, 2013)); *Densmore*, 164 F. Supp. 3d at 1193; *Meyer v. Irwin Indus., Inc.*, 723 F. Supp. 2d 1237, 1244 (C.D. Cal. 2010). Moreover, "rest breaks, like meal periods, are similarly regulated by Labor Code § 226.7 and 'address some of the most basic demands of an employee's health and welfare.'" *Azpeitia v. Tesoro Ref. & Mktg. Co., LLC*, No. 17-CV-00123-JST, 2017 WL 3115168, at *6 (N.D. Cal. July 21, 2017) (quoting *Valles*, 410 F.3d at 1081). Like meal breaks, rest breaks are a non-waivable state-mandated "minimum labor standard." *Zavala v. Scott Bros. Dairy*, 143 Cal. App. 4th 585, 594 (2006); *see also Scott v. Traffic Mgmt., Inc.*, No. CV 16-02475 SJO (KSx), 2016 WL 3212246, at *4 (C.D. Cal. June 6, 2016). Therefore, defendant's reliance on the § 512 exemption, standing alone, cannot demonstrate that plaintiffs' meal, rest or recovery period claims are preempted under the first prong of the *Burnside* test. *See Densmore*, 164 F. Supp. 3d at 1193, 1195.

Defendant also argues that plaintiffs' meal, rest and recovery period causes of action fail *Burnside*'s second prong because resolving these claims "requires an analysis and interpretation of," and thus "substantially depends upon," the applicable CBAs. Opp'n at 9, 13-14, 16. Defendant again relies on *Firestone*, 219 F.3d 1063, Opp'n at 8–9, and this reliance is again misplaced. Unlike the disputed CBA provision that required interpretation in *Firestone*, *see*

219 F.3d at 1066–67, the terms of the CBAs here are undisputed and do not require interpretation.[5] *Cf. Firestone*, 219 F.3d at 1065–66 (finding § 301 preemption where plaintiffs and defendant had different interpretations of the term "regular rate" of pay, and therefore, "one could not determine whether plaintiffs were receiving a 'premium wage rate' for overtime under the collective bargaining agreement . . . without interpreting that agreement to determine, inter alia, what a regular rate was"). Defendant also has not shown why the court cannot mechanically apply the compensation formulas in the CBAs to calculate plaintiffs' regular rate of compensation. The court need only look to the relevant CBAs to determine whether the requirements of § 512(e) are satisfied and determine the applicable rates of compensation, making *Firestone* inapplicable here.

Defendant also argues plaintiffs' rest break and recovery period claims under § 226.7 are preempted because resolution of those claims requires interpretation of the CBAs to determine how to calculate the appropriate break period premium payments. Opp'n at 13–17 (citing *McKinley v. Southwest Airlines Co.*, No. cv 15-02939-AB (JPRx), 2015 WL 2431644, at *6 (C.D. Cal. May 19, 2015) ("Multiple courts have found interpretation of CBAs necessary to determine employees' regular rates of pay even though the CBAs did not define that phrase.")). Although defendant claims the CBAs contain differing language regarding the length and timing of rest periods,[6] defendant has not identified any dispute as to the meaning of these provisions as

---

[5] Article 4.10 of the CBAs provides:

> All employees whether paid hourly or on a commission basis are required to take two (2) ten minute breaks for every eight (8) hours worked or major fraction thereof. This Agreement provides for thirty (30) minute, duty-free meal periods for Route Sales Representatives consistent with the following: Route Sales Representatives who work more than five (5) hours are provided with a 30-minute meal period; Route Sales Representatives who work more than ten (10) hours are provided with a second 30-minute meal period. While they are not required to eat during the meal period(s), Route Sales Representatives will go off-duty for the full thirty (30) minutes.

NOR Ex. A at 7; NOR Ex. B at 7.

[6] Defendant asserts that "[s]ome CBAs provide for 10-minute rest periods, while other CBAs provide for 15-minute rest periods" or "[s]ome CBAs provide for one rest period for every

11

1 applied to plaintiffs or otherwise shown they require interpretation by the court. *Cf. McKinley*, 2015 WL 2431644, at *5–6 (because there was dispute over method of calculating premium payments when plaintiff alleged defendant did not factor remuneration into plaintiff's regular rate of pay before applying overtime multipliers, court needed to "examine each form of pay provided by the CBA, determine when that pay was due, and then decide whether the pay should have been included in Plaintiff's regular rate [of pay]").

Because resolving plaintiffs' meal, rest and recovery period claims under §§ 226.7 and 512 requires at most consulting, rather than interpreting, the relevant CBAs, *see Burnside*, 491 F.3d at 1072–73, these claims are not substantially dependent upon analysis of the CBAs and § 301 preemption does not apply.

D. <u>Supplemental Jurisdiction over Plaintiffs' Remaining Claims</u>

Defendant argues plaintiffs' remaining claims are derivative of the claims subsequently analyzed, and thus, the court may exercise supplemental jurisdiction over the remaining claims. Because the LMRA does not preempt any of plaintiffs' claims, however, the court also lacks subject matter jurisdiction over the claims and cannot exercise supplemental jurisdiction.

V. <u>CONCLUSION</u>

For the foregoing reasons, the court GRANTS plaintiffs' motion to REMAND to Sacramento County Superior Court.

This case is CLOSED.

IT IS SO ORDERED.

DATED: October 29, 2018.

_____
UNITED STATES DISTRICT JUDGE

---

four hours worked, while other CBAs provide for two rest periods for every eight hours worked or major fraction thereof." Opp'n at 14.